# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

SAGI MUKATIN,

Petitioner,

v.

JAMES A. YATES, WARDEN,

Respondent.

_____________________________________/

1: 07 CV 01353 AWI WMW HC

ORDER DENYING MOTION FOR RECONSIDERATION

[Doc. 12]

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The court entered judgment in this case on September 8, 2008. On September 26, 2008, Petitioner filed a motion for reconsideration. In support of his motion, Petitioner claims that he did not receive a copy of the Magistrate Judge's findings and recommendations entered July 14, 2008, and did not realize he had an opportunity to file objections to those findings and recommendations. He now asks the court to consider the objections filed CV-08-0316 mmm (mlg) in the Central District, and attaches a copy of those objections to his present motion.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse

party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" *Id.*

The court has reviewed the objections Petitioner has attached to his motion for reconsideration and finds nothing in Petitioner's arguments which demonstrate that the court erred in concluding that Petitioner's claim related to his request under the Foreign Prisoner Transfer Treaty Program does not state a claim for federal habeas corpus relief. As previously stated by the court, Petitioner's claims challenge the conditions of his confinement, not the fact or duration of that confinement. Challenges to the conditions of confinement are more appropriately raised in civil rights action filed pursuant to 42 U.S.C. § 1983. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); see generally Avalos v. Nielson, 2006 WL 2924767. Accordingly, the court concludes that this is not a case in which reconsideration is warranted.

Based on the foregoing, Petitioner's motion for reconsideration is HEREBY DENIED.

IT IS SO ORDERED.

**Dated: October 8, 2008**

**/s/ Anthony W. Ishii**
CHIEF UNITED STATES DISTRICT JUDGE